UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

MARCUS TREMAYNE ANTHONY, )
                          )
       Plaintiff,         )
                          )
v.                        )     No. 2:15-CV-74-ERW
                          )
FREDERICK STOCKTON, et al., )
                          )
       Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for leave to commence this action without payment of the required filing fee. The motion will be granted, and plaintiff will be assessed an initial partial filing fee of $2.70, which is twenty percent of his six-month average deposit of $13.50. *See* 28 U.S.C. § 1915(b)(1). Furthermore, the Court will order plaintiff to file an amended complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff, an inmate at the Jefferson City Correctional Center, seeks monetary relief in this action for the violation of his constitutional rights under 42 U.S.C. § 1983. Plaintiff's allegations arise out of his incarceration at the Northeast Correctional Center (NECC) in July 2014. Named as defendants are Frederick Stockton (NECC Lieutenant), Jacob Baker (NECC Sergeant), and Jose Riveria (NECC Correctional Officer). Plaintiff states that he is suing defendants in their individual capacities.

Plaintiff's allegations arise out of an alleged excessive-use-of-force incident that occurred at NECC on July 11, 2014; however, it is unclear to the Court precisely what plaintiff's claims are against each of the three named defendants. In particular, plaintiff's claims against defendants Stockton and Baker are conclusory

2

and are not supported by sufficient factual allegations. Because plaintiff is proceeding pro se, the Court will instruct him to file an amended complaint on a Court form in accordance with the instructions set forth below. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory statements are not entitled to the assumption of truth). If plaintiff fails to comply with the Court's order, this action will be dismissed without prejudice and without further notice.

All claims in an action must be included in one, centralized complaint form, as neither the Court nor defendants wish to search through supplemental and prior pleadings in order to piece together plaintiff's claims. **As such, plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, supplements, and attachments thereto, and therefore, he must include each and every one of the claims he wishes to pursue in the amended complaint.** *See, e.g., In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). **Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered**. *Id.* **Plaintiff is advised that the amended complaint will replace the original complaint and will be the only pleading this Court reviews.** *Id.* **If plaintiff wishes to sue**

3

**defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. Plaintiff should not attach any exhibits to the amended complaint; all claims should be clearly set forth in the "Statement of Claim."**

In addition, in the "Caption" of the amended complaint, plaintiff shall set forth the name of each defendant he wishes to sue; and in the "Statement of Claim," plaintiff shall start by typing the first defendant's name, and under that name, he shall set forth in separate numbered paragraphs the specific allegations supporting his claim(s) as to that particular defendant, as well as the right(s) that he claims that particular defendant violated and the capacity in which the defendant is being sued. Plaintiff shall proceed in this manner with each named defendant, *separately* setting forth each individual name and under that name, in numbered paragraphs, the allegations specific to that particular defendant, the right(s) that he claims that particular defendant violated, and the capacity in which the defendant is being sued. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. If plaintiff needs more space, he may attach additional sheets of paper to the amended complaint and identify them as part of the "Caption" or "Statement of Claim";

however, as previously stated, plaintiff shall not attach any exhibits to the pleading. Plaintiff shall sign the amended complaint.

Plaintiff is reminded that he is required to submit his amended complaint on a Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff's failure to make specific and actionable allegations against any of defendant(s) will result in that individual's dismissal from this case.[1] If plaintiff fails to comply with the Court's instructions, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $2.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

---

[1] The Court will review plaintiff's amended complaint pursuant to 28 U.S.C. § 1915. A claim and/or defendant must survive § 1915 review in order for plaintiff to proceed in this lawsuit.

**IT IS FURTHER ORDERED** that, **on or before December 3, 2015**, plaintiff shall file an amended complaint on a Court-provided form, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that the Clerk shall mail plaintiff a copy of the Court's form "Motion to Proceed in Forma Pauperis - Prisoner Cases" and a form prisoner complaint for filing a civil rights action.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this <u>3rd</u> day of November, 2015.

*E. Richard Webber*
_____
 SENIOR UNITED STATES DISTRICT JUDGE